USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 0 6 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SAMONA C. BROWN

                Plaintiff,

    -v-

COWAN SYSTEMS, L.L.C., ET AL,
                Defendants.

------------------------------------------------------------X

12 Civ. 3920 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    This action was removed to this Court from the New York State Supreme Court, County of New York, on May 17, 2012, on the basis of diversity of citizenship. Plaintiff now moves for the case to be remanded to that Court. For the reasons explained below, Plaintiff's motion is GRANTED.

    Plaintiff's Complaint was filed in state court on July 27, 2010. (D.E. 1). The Complaint does not allege a specific amount of damages, but does allege that the Plaintiff "sustained . . . [an] economic loss greater than basic economic loss as defined in Insurance Law § 5102." New York Insurance Law § 5102 provides that the term "basic economic loss" includes damages "up to fifty thousand dollars per person." Plaintiff's motion to remand is founded on the timing requirements for removal set forth in 28 U.S.C. § 1446. Specifically, Plaintiff contends that the deadline for Defendants to remove this case to federal court was no later than one year after the filing of the Complaint. (Mot. ¶ 9-10).

    In this case, Defendants argue that an exception to the deadline imposed by § 1446(b) is appropriate because Plaintiff engaged in tactical behavior to defeat discovery into the amount of

1

damages in this case necessary to establish removability. Specifically, Defendants assert that on November 17, 2010, they served a variety of discovery requests, including requests seeking information about Plaintiff's alleged damages. (Weber Decl. ¶ 7; Weber Decl. Ex. A). After Plaintiff failed to respond, Defendants filed a motion to preclude or compel on April 8, 2011, which was resolved on June 13, 2011, with an order requiring Plaintiff to respond to Defendants' discovery demands within 30 days—before the one year deadline under § 1446(b). (Weber Decl. ¶¶ 8-9; Weber Decl. Ex. B). The parties then engaged in discussions about the possibility of mediation, but Plaintiff did not provide copies of the medical records requested by Defendants. (Weber Decl. ¶¶ 10-11). On December 7, 2011, Plaintiff was again ordered to respond to Defendants' November 17, 2010, discovery demands within 30 days, again failed to do so, and only provided this discovery on May 2, 2012, after another request by Defendants and after Defendants filed a motion to dismiss the Complaint based on Plaintiff's failure to provide discovery. (Weber Decl. ¶¶ 12-14). Having received this discovery, which established that Plaintiff sought over $3,000,000 in damages, Defendants filed a Notice of Removal on May 17, 2012. (Weber Decl. ¶¶ 14-15).

Section 1446(b) provides that a notice of removal must be filed within 30 days of the defendant's receipt of the initial pleading or summons, except that, under § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days" of the date the defendant receives papers "from which it may be first ascertained that the case is . . . removable." 28 U.S.C. § 1146(b)(1), (3). However, even if the requirements of § 1446(b)(3) are met, § 1446(c) provides that no case may be removed under § 1446(b)(3) more than one year after its commencement, unless the district court finds that the plaintiff has acted in bad faith to prevent the defendant from removing the action. 28 U.S.C. § 1446(c)(1). In

2

addition, the statutory "bad faith" exception to § 1446(c)(1) does not apply to this action because the state court action was commenced prior to effective date of the amendment creating this exception. *See D'Alessandro v. Cumberland Farms, Inc.*, No. 12-cv-600, 2012 U.S. Dist. LEXIS 84670, at *3 (D. Conn. June 19, 2012) (citing Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, §§ 103(b), 205, 125 Stat. 758, 760 (2011)).

However, even prior to the statutory codification of this "bad faith" exception, some courts had applied an equitable exception to § 1446(b) to extend the time period for removal where the circumstances suggest that Plaintiff acted tactically to avoid removal and the interests of justice favor removal. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426-29 (5th Cir. 2003) (noting that § 1446(b) is not inflexible and applying an equitable exception); *Styron v. State Farm Fire & Cas. Co.*, No. 10-cv-1729, 2011 U.S. Dist. LEXIS 17174, at *11-18 (W.D. La. Feb. 22, 2011); *In re Rezulin Prods. Liab. Litig.*, No. 00-cv-2843, 2003 WL 21355201, at *2-3 (S.D.N.Y. June 4, 2003); *Leslie v. Banctec Serv. Corp.*, 928 F. Supp. 341, 347 (S.D.N.Y. 1996). These cases are contrary to Plaintiff's assertion that § 1446(b) goes to subject matter jurisdiction. (Mot. at ¶ 11); *see also Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) (explaining that the thirty day deadline for removal in § 1446(b) is not jurisdictional, but is mandatory and rigorously enforced); *cf. Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005).

Courts have not been uniform in adopting this approach, however. For example, some courts have considered the deadline imposed by § 1446 as jurisdictional, and strictly enforced its requirements. *See Meding v. Receptopharm, Inc.*, No. 08-cv-2367, 2008 U.S. Dist. LEXIS 117198, at *17-18 (E.D.N.Y. Oct. 15, 2008) (collecting cases). A number of other courts in the Second Circuit have declined to resolve whether § 1446(b) is jurisdictional or procedural, finding

that there was no basis to apply an equitable exception on the facts of those cases. *See D'Alessandro*, No. 12-cv-600, 2012 U.S. Dist. LEXIS 84670, at *4-7 (noting that the Second Circuit has not addressed the question of equitable extension of this deadline, and refusing to apply this exception where it should have been apparent that diversity-defeating defendant was fraudulently joined); *Flood v. CSX Transp., Inc.*, No. 11-cv-162S, 2012 U.S. Dist. LEXIS 17711, at *8-13 (W.D.N.Y. Feb. 11, 2012) (finding no basis for equitable tolling because it was simply a complicated case with numerous witnesses, not a case involving tactical behavior by the plaintiff); *Delarosa v. Besser Co.*, No. 10-cv-5212, 2010 U.S. Dist. LEXIS 142698, at *9-12 (S.D.N.Y. Nov. 2, 2010) (explaining that even if § 1446(b) is not jurisdictional, the court did not believe that the plaintiff had concealed his immigration status to avoid removal); *Meding*, No. 08-cv-2367, 2008 U.S. Dist. LEXIS 117198, at *21-23 (noting that it is the burden of the removing party to establish removability, and that it was the defendants rather than plaintiffs who expanded the action such that it was removable); *Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 430-33 (S.D.N.Y. 2005) (finding no entitlement to extension where there was no showing of any actions taken to specifically defeat removal and the defendants could have sought removal under the doctrine of fraudulent joinder).

The Court concludes that even assuming that this equitable exception is available as a general matter, Defendants have not demonstrated that they are entitled to its application on the facts of this case. It is Defendants' burden to demonstrate removability in the face of a motion to remand. *See Cal. Pub. Emples. Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004). Courts considering the availability of the equitable exception to § 1446 have considered factors including whether the plaintiff engaged in tactical behavior to defeat removal, diligence on the part of defendants, and whether substantial progress had been made in state court. *See, e.g., Hill*,

386 F. Supp. 2d at 430-33; *Flood*, No. 11-cv-162S, 2012 U.S. Dist. LEXIS 17711, at *8-9.

On the first factor, tactical behavior, although Defendants have demonstrated Plaintiff engaged in what would, in this Court, be unacceptable delay in responding to discovery demands and court orders, they have not demonstrated the sort of "tactical" behavior to defeat removal that courts have relied on in extending the deadline under § 1446(b). In those cases in which the exception has been applied, the plaintiffs' actions strongly suggested tactical behavior specifically to defeat removal. For example, in *Tedford*, 327 F.3d at 426-29, the plaintiffs had joined a non-diverse defendant and post-dated a notice of nonsuit against that defendant, but waited to file this document after the deadline for removal had passed. In *In re Rezulin Prods. Liab. Litig.*, No. 00-cv-2843, 2003 WL 21355201, at *2-3, plaintiffs had non-suited a party shortly after the deadline for removal and had a history of naming non-diverse parties in other litigations. In *Leslie*, 928 F. Supp. at 347, the defendant had timely filed notices of removal but had been convinced to agree to the remand of the case based on the plaintiffs' representation that the damages would not exceed the jurisdictional amount. Even in *Styron*, No. 10-cv-1729, 2011 U.S. Dist. LEXIS 17174, at *11-18, in which the equitable exception was applied because plaintiffs delayed providing discovery on damages, plaintiffs had waited until exactly the day after the deadline to remove had passed, suggesting tactical behavior. Although the facts of this case suggest undue delay in responding to discovery, Defendant has not demonstrated that this delay was a tactical ploy on Plaintiff's part to defeat removal.

On the second factor, Defendants' diligence, although Defendants took steps to obtain discovery from Plaintiff that would have allowed them to ascertain the removability of this case, the Court cannot say that this factor significantly favors extending the deadline for removability. Defendants waited roughly four months to serve their requests seeking discovery on Plaintiff's

5

alleged damages and waited another five months to move to compel responses. After obtaining a court order on June 13, 2011, that discovery be provided within 30 days—which would have allowed Defendants to file a Notice of Removal within the deadline set by § 1446—it does not appear from the materials presented to the Court that Defendants promptly sought to enforce that order. Instead, the parties engaged in discussions about the possibility of mediation. Although this Court does not condone Plaintiff's delay in responding to discovery, the facts suggest that Defendants could have more vigorously attempted to ascertain the removability of this action.

As to the third factor, Plaintiff asserts that this matter has been pending in state court for close to two years, that discovery has progressed in state court, and a number of conferences have been held. (Berke Decl. ¶¶ 14-18). Defendants argue that written discovery has only just been exchanged and discovery has not progressed so far as to weigh against removal. (Weber Decl. ¶ 18). Based on the information provided by the parties—which provides the Court with little detail—the Court cannot say that this factor weighs against removal, and concludes it is not sufficient to justify extension of the removal deadline given the analysis above.

As such, the Court finds that an extension of the deadlines in § 1446 is not warranted and GRANTS Plaintiff's motion to remand.

Dated: September 6, 2012
       New York, New York

ALISON J. NATHAN
United States District Judge